FILED
MISSOULA, MT

2007 APR 11 PM 4 49

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RANDY ALLEN DENNISON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WARDEN DAN O'FALLON, Cascade ) <br> County Regional Prison, et al., ) <br> ) <br> Defendants. ) <br> _____) | Cause No. CV 06-105-M-DWM-JCL <br><br> ORDER and <br> FINDINGS AND RECOMMENDATION <br> OF U.S. MAGISTRATE JUDGE |

On July 3, 2006, Plaintiff Randy Dennison moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Dennison is a state prisoner proceeding pro se.

**I. Motion to Proceed In Forma Pauperis**

Dennison submitted inmate account statements covering the period from December 30, 2005, through June 22, 2006. After reviewing the motion and account statement, I find that he has sufficiently shown that he cannot afford to pay the full filing fee. His motions to proceed in forma pauperis will be granted.

If he is returned to prison, Dennison is advised that he will be required, regardless of his forma pauperis status, to pay the statutory filing fee of $350.00 for this action, even if the case is dismissed. *See* 28 U.S.C. § 1915(b)(1), (e)(2).

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

## II. Preliminary Screening

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Dennison's Allegations

Dennison claims, first, that he was found guilty of two disciplinary violations and sanctioned to serve time in disciplinary confinement. He alleges that he did not receive credit for time he spent in disciplinary confinement before his hearing and that he is entitled to such credit by law. *See*

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Compl. (doc. 1) at 4.

Second, Dennison asserts that a religious book, "The Second Ring of Power," by Carlos Castaneda, was confiscated from him while he was in disciplinary segregation. He claims that an officer told him the only book that A-pod inmates were permitted to possess was the Christian Bible. He contends that the confiscation amounted to religious discrimination. *Id.* at 5; Compl. Exhibits at 4.

Third, Dennison claims that his due process right to pursue justice was violated because prison staff failed to grant his request to have a photograph taken of his finger when it became infected. He states that the infection was "successfully treated with antibiotics." *Id.* at 6.

For his relief, Dennison seeks an order granting him credit for time served in administrative segregation prior to his disciplinary hearing; an order prohibiting religious discrimination and directing the CCDC to produce a copy of its policy permitting inmates to possess only the Bible in A-pod. He also seeks compensatory damages for each of the three alleged violations. *Id.* at 8.

## IV. Analysis

Dennison fails to state a claim on which relief may be granted.

### A. Pre-Hearing Confinement

Contrary to Dennison's assertion, federal law does not require that he receive credit for time spent in administrative segregation pending a disciplinary hearing. An action under 42 U.S.C. § 1983 does not lie for violations of institutional policy or for violations of state law. *See, e.g.*, 42 U.S.C. § 1983 (providing cause of action for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States); *Ove v. Gwinn*, 264 F.3d 817, 824-25

(9th Cir. 2001); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996). Therefore, regardless of whether jail policy or state law allow for such credit, Dennison cannot state a claim in this Court based on the fact that he did not receive it.

### B. Religious Discrimination

Dennison alleges that his religious rights were violated because a book by Carlos Castaneda was confiscated from him and because an officer told him the only book he was permitted to possess was the Bible. However, Dennison's time in segregation began on March 16, 2006, and ended on April 4, 2006. *See* Compl. at 4; Compl. Exhibits at 3. He states that the confiscation occurred on March 28, 2006. He cannot show that his lack of the Castaneda book for less than ten days imposed a "substantial burden" on his religious exercise, *see* 42 U.S.C. § § 2000cc-1(a)(1), or that he was prevented from engaging in conduct mandated by his faith, *see Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). The officer's statement, by itself, did not violate any constitutional principle. Dennison cannot state a claim for relief based on the facts he alleges.

### C. Failure to Obtain Photograph

Dennison has no constitutional right to compel prison officials to take pictures that he may use in court. The lack of such evidence does not prevent him from bringing a case. He has not suffered no cognizable legal injury. *See Lewis v. Casey*, 518 U.S. 343, 347-48 (1996).

### D. Amendment

The Court has considered whether Dennison should be given an opportunity to amend his pleading. However, the problem is not that elemental facts are missing. Dennison would have to allege facts different from those he has alleged. Amendment would be futile. The Complaint should

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

## ORDER

Dennison's motions to proceed in forma pauperis (docs. 2, 4, 7) are GRANTED. The Clerk of Court shall waive prepayment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. Dennison's Complaint (doc. 1) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The docket should reflect that his filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

3. Pursuant to Fed. R. App. P. 24(a)(3), the district court should CERTIFY that any appeal from this disposition would be taken in bad faith.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[1] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

Dennison must immediately notify the Court of any change of address. Failure to do so may result in dismissal of this case without further notice.

DATED this 11th day of April, 2007.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6